UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME LEWIS,

    Petitioner,                                                           Case No. 08-10485
                                                                     Honorable Denise Page Hood

v.

MITCH PERRY,

    Respondent.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION
AND DENYING CERTIFICATE OF APPEALABILITY**

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation, dated February 14, 2011 [Doc. No. 14]. To date, Petitioner has not filed Objections to the Report and Recommendation.

On November 6, 2003, a jury convicted Petitioner of three counts of armed robbery, M.C.L.A. 750.349; three counts of kidnapping , M.C.L.A. 750.349; one count of assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; two counts of assault with a dangerous weapon, M.C.L.A. 750.82; and possession of a firearm during the commission of a felony, M.C.L.A. 750.227b. Petitioner was sentenced to concurrent terms of 135 months' to 30 years' imprisonment each on two of the armed robbery convictions and two of the kidnapping convictions; 185 months' to 30 years' imprisonment on the third armed robbery and third kidnapping convictions; 3 to 10 years' imprisonment on the assault with intent to commit great bodily harm convictions; 2 to 4 years' imprisonment on each of the felonious assault convictions; and a mandatory consecutive term

of two years' imprisonment on the felony-firearm conviction.

Petitioner filed an appeal as of right to the Michigan Court of Appeals, which was denied in an Order dated March 29, 2005. The Michigan Supreme Court denied Petitioner's application for a leave to appeal in a standard order dated December 27, 2005. Petitioner filed a motion for relief from judgment in the trial court on April 6, 2006, which was denied by the trial court in an April 28, 2006 order. In a standard order, the Michigan Court of Appeals denied Petitioner's application for leave to appeal on April 20, 2007. The Michigan Supreme Court also denied Petitioner's application for leave to appeal on October 29, 2007. Petitioner thereafter filed the instant application for a writ of habeas corpus under 28 U.S.C. § 2254 on February 1, 2008.

## II.     APPLICABLE LAW & ANALYSIS

### A.     Standard of Review

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C.§ 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to preserve the right to appeal the Magistrate Judge's recommendation, Petitioner must have filed objections to the Report and Recommendation within fourteen days of service of a copy of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**B.     Report and Recommendation**

The Magistrate Judge recommends that the Court deny Petitioner's writ because he is not entitled to habeas relief. The Court agrees with the Magistrate Judge that even if the Court were to conclude that Petitioner's claims are procedurally defaulted, it is better to simply consider the merits of the claims.

Petitioner's Claim I, the sufficiency of the evidence claim, asserts that the prosecutor failed to present sufficient evidence to establish Petitioner's guilt on the kidnapping charges. The Court agrees with the Magistrate Judge that the Michigan Court of Appeals' determination was reasonable that; the evidence was sufficient to establish guilt on the kidnapping charges.

In the sentencing claim, Claim II, Petitioner contends that his sentences are invalid because of improper scoring and because the trial court made factual findings in imposing the sentences. The Court agrees with the Magistrate Judge's conclusion that improper scoring is not a cognizable claim on habeas review. The Court also agrees with the Magistrate Judge that *Blakely v. Washington,* 542 U.S. 296 (2004) and *Apprendi v. New Jersey,* 530 U.S. 466 (2000), are inapplicable to Petitioner's case because of Michigan's indeterminate sentencing guideline scheme.

As to the jury instructions claim found in Claim III, the Court agrees with the Magistrate Judge that the instructions given on the aiding and abetting charge adequately explained the necessary elements to the jury.

Petitioner in Claim V asserts that venue was improper in his case. The Court accepts the Magistrate Judge's conclusion that venue was proper in Petitioner's case.

Regarding the ineffective assistance of trial and appellate counsel claims in Claims IV and VI, the Court agrees with the Magistrate Judge's conclusion that Petitioner is not entitled to habeas

relief on these claims.

    **C.**    **Certificate of Appealability**

The Court agrees with the Magistrate Judge that a Certificate of Appealability should not issue in this case. The Antiterrorism and Effective Death Penalty Act, Section 2253 states, "[a] certificate of appealability may issue.. only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons set forth above and in the Report and Recommendation, Petitioner failed to make a substantial showing that his constitutional rights were violated.

**III.**    **CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Paul J. Komives' February 14, 2011 Report and Recommendation [**Doc. No. 14**] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that this habeas action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue.

                                                    s/Denise Page Hood  
                                                    Denise Page Hood  
                                                    UNITED STATES DISTRICT JUDGE

Dated: March 28, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 28, 2011, by electronic and/or ordinary mail Jerome Lewis #347687, Newberry Correctional Facility, 3001 Newberry Avenue, MI 49868.

                                                    s/LaShawn R. Saulsberry  
                                                    Case Manager, (313) 234-5165