UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME LEWIS,

       Petitioner,

v.                                       Case No. 08-10485
                                        Honorable Denise Page Hood

MITCH PERRY,

       Respondent.

_____/

**<u>ORDER DENYING PETITIONER'S MOTION</u>**
**<u>FOR A CERTIFICATE OF APPEALABILITY</u>**

       Petitioner Jerome Lewis has appealed the Court's Order and Judgment denying his habeas corpus petition. Pending before the Court is Petitioner's Motion for a Certificate of Appealability.

**I.  BACKGROUND**

       Petitioner has been convicted of: three counts of armed robbery, M.C.L.A. § 750.529; three counts of kidnapping, M.C.L.A. § 750.349; one count of assault with intent to do great bodily harm less than murder, M.C.L.A. § 750.84; two counts of assault with a dangerous weapon, M.C.L.A. § 750.82; and possession of a firearm during the commission of a felony, M.C.L.A. § 750.227b. Petitioner was sentenced to: concurrent terms of 135 months' to 30 years' imprisonment each on two of the armed robbery convictions and two of the kidnapping convictions; 185 months' to 30 years' imprisonment on the third armed robbery and third kidnapping convictions; 3 to 10 years' imprisonment on the assault with intent to commit great bodily harm convictions; 2 to 4 years' imprisonment on each of the felonious assault convictions; and a mandatory consecutive term of two years' imprisonment on the felony-firearm conviction. He alleged in his habeas petition that (1) the

evidence was insufficient to sustain his kidnapping conviction, (2) he was denied due process of law as a result of the trial court's scoring of the sentencing guidelines, (3) the trial court incorrectly instructed the jury on the intent element of aiding and abetting, (4) trial counsel was ineffective for failing to challenge or object to the aiding and abetting instruction, (5) the trial court lacked jurisdiction to try him due to improper venue, and (6) appellate counsel provided ineffective assistance in his appeal of right.

The Magistrate Judge considered the merits of each of these claims and recommended that the Court deny the petition and deny a certificate of appealability. On March 28, 2011, the Court accepted the Magistrate Judge's Report and Recommendation and denied a certificate of appealability. Petitioner now seeks a certificate of appealability on his fifth and sixth claims regarding the trial court's jurisdiction and appellate counsel's failure to raise the jurisdictional claim during the direct appeal.

## II. DISCUSSION

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner alleged in Habeas Claim V that the trial court lacked jurisdiction to try him because venue was improper. Specifically, Petitioner claimed that his arraignment, preliminary examination, and bind over should have been conducted in the City of Taylor, rather than the City of Romulus. Petitioner alleged in Habeas Claim VI that appellate counsel was ineffective for failing to raise this issue on appeal.

Petitioner's jurisdictional claim is not cognizable on habeas review, because it raises a state law issue. *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (per curiam). "Federal habeas corpus relief can be granted only for violation of the Constitution or laws of the United States." *Id.* (citing 28 U.S.C. § 2254; *Combs v. Tennessee*, 530 F.2d 695 (6th Cir. 1976)). Even if the claim were cognizable here, the crimes began in Romulus and continued in an automobile through Taylor. Thus, venue was proper in either district. M.C.L.A. § 600.8312(4)(a) and (b).

Because Petitioner's jurisdictional claim lacks merit, appellate counsel was not required to raise the claim. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321 (6th Cir. 2011) (citing *Wilson v. Mitchell*, 498 F.3d 491, 514–15 (6th Cir. 2007)). "[B]y definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

## III.  CONCLUSION

Reasonable jurists would not find the Court's assessment of Petitioner's fifth and sixth claims debatable or wrong. Accordingly, Petitioner's Motion for a Certificate of Appealability [**Doc. No. 21**] is DENIED.

                                            s/Denise Page Hood
                                            Denise Page Hood
                                            United States District Judge

Dated:  January 31, 2012


I hereby certify that a copy of the foregoing document was served upon Jerome Lewis #347687, 3001 Newberry Avenue, Newberry, MI 49868 and counsel of record on January 31, 2012, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager